IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRUKIO MANDELL MATHIS,      )    No. C 09-1175 JSW (PR)
                                     )
           Plaintiff,              )
                                     )    **ORDER PARTIALLY**
       v.                       )    **DISMISSING COMPLAINT AND**
                                     )    **SERVING CLAIM**
ALAMEDA COUNTY DEPUTY       )
SHERIFF BARAO,                   )
                                     )
           Defendants.          )
_____

## INTRODUCTION

Plaintiff, a detainee confined at the Alameda County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of the circumstances of a strip search of his person on November 19, 2008. Plaintiff also seeks leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will order the complaint served. A separate order issued this date grants Plaintiff's *in forma pauperis* applications.

## STATEMENT OF FACTS

Plaintiff alleges that he was subject to an abusive strip search on November 19, 2008, in which he was screamed at, spit on and left naked for an hour after his clothes were thrown in the hall. He seeks declaratory and injunctive relief, as well as damages.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

Incarcerated prisoners retain a limited right to bodily privacy. *See Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity. *See Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985). Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979).

Liberally construed, the allegations of Plaintiff's complaint present a cognizable claim against Defendant Barao. However, the Alameda County Sheriff's Department is DISMISSED from this action. A city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). There is no liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As such, the claim against the Alameda County Sheriff's Department is hereby DISMISSED without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim against **Sheriff's Deputy Barao, Badge #**

**1422, of the Alameda County Jail**.  Defendant Alameda County Sheriff's Department is DISMISSED and TERMINATED from this action.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto with all attachments thereto, and a copy of this order upon all Defendants listed above at the **Alameda County Jail.**  The Clerk shall also serve a copy of this order on Plaintiff.

2.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he is of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.  The following notice is for the benefit of all pro se litigants:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly

supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

      c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a

4

timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  October 14, 2009

_____
JEFFREY S. WHITE
United States District Judge

1        UNITED STATES DISTRICT COURT

2                   FOR THE

3        NORTHERN DISTRICT OF CALIFORNIA

4

5
   PATRUKIO M. MATHIS,
6                                        Case Number: CV09-01175 JSW
              Plaintiff,
7                                        **CERTIFICATE OF SERVICE**

8        v.

   ALAMEDA COUNTY SHERIFF et al,
9
              Defendant.
10   _____/

11
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
12   Court, Northern District of California.

13   That on October 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing
     said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
14   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
     delivery receptacle located in the Clerk's office.

15

16

17   Patrukio M. Mathis
     2418902 CJ2 C3
18   850 Bryant Street
     San Francisco, CA 94103
19
     Dated: October 14, 2009
20                                       Richard W. Wieking, Clerk
                                         By: Jennifer Ottolini, Deputy Clerk
21

22

23

24

25

26

27

28