IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRUKIO MANDELL MATHIS,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SHERIFF DEPUTY BARAO,<br><br>    Defendants. | No. C 09-1175 JSW (PR)<br><br>ORDER OF DISMISSAL |

    Plaintiff, incarcerated at the San Francisco County Jail in San Francisco, California, filed this civil rights complaint under 42 U.S.C. § 1983 complaining about a strip search at the Alameda County Jail. On October 14, 2009, this Court ordered service of certain claims raised in the complaint. In the order of service, the Court reminded Plaintiff of his obligation to inform the Court of any changes of address in a timely fashion and that failure to do so may result in the dismissal of this matter. (*See,* docket no. 9.)

    The Court sent an order regarding Plaintiff's case to the address at the San Francisco County Jail provided by Plaintiff. Thereafter, on October 26, 2009, the Court's order was returned with a notification from the facility that Petitioner was no longer in custody at that institution (*see* docket no. 11). Defendant has informed the Court that when they attempted to serve Plaintiff with a copy of a motion at that address on April 29, 2010, their copy was returned with a notation from the jail that he was not in custody. (*See* docket no. 27).

    A district court may sua sponte dismiss an action for failure to prosecute or to

1

1  comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  *See Link v.*
2  *Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir.
3  1991).  Pursuant to Northern District Local Rule 3-11 an attorney or party proceeding pro
4  se whose address changes while an action is pending must promptly file and serve upon
5  all opposing parties a notice of change of address specifying the new address.  *See* L.R.
6  3-11(a).  The court may, without prejudice, dismiss a complaint when: (1) mail directed to
7  the attorney or the pro se party by the court has been returned to the court as not
8  deliverable, and (2) the court fails to receive within 60 days of this return a written
9  communication from the attorney or *pro se* party indicating a current address.  *See* L.R. 3-
10  11(b); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal
11  with prejudice of pro se prisoner's complaint for failing to notify court of his change of
12  address despite local rule providing that case be dismissed without prejudice because any
13  lesser sanction would impose affirmative obligation for district courts to track down pro
14  se prisoners).

15  More than 60 days have passed since the initial order was returned from the
16  facility.  Accordingly, Plaintiff's complaint is hereby dismissed without prejudice for his
17  failure to keep the Court apprised of his current address pursuant to Civil Local Rule 3-
18  11(b) and for failure to prosecute this matter pursuant to Fed. R. Civ. P. 41(b).

19  IT IS SO ORDERED.
20  DATED: May 14, 2010
                                              _____
21                                            JEFFREY S. WHITE
                                              United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PATRUKIO M. MATHIS,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF et al,

    Defendant.

Case Number: CV09-01175 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patrukio M. Mathis
2418902 CJ2 C3
850 Bryant Street
San Francisco, CA 94103

Dated: May 14, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk